UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VICKY WARE,

                     Plaintiff,

                                                               **REPORT &**
                                                              **RECOMMENDATION**

              -against-                                       17-CV-246 (JS) (GRB)

JOHN C. GERSPACH and MICHAEL L.
CORBAT,

                     Defendants.
----------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

       Pending before the undersigned, on referral from the Honorable Joanna Seybert, is defendants' second motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. DE 24. In the complaint, plaintiff, proceeding *pro se*, purports to seek relief under the Fair Debt Collection Practices Act ("FDCPA") against defendants John Gerspach, and Michael Corbat seemingly in regard to attempts to foreclose upon a residential mortgage.

## STATEMENT OF FACTS

       Plaintiff alleges that, during 2010, Bank of America initiated a foreclosure action in state court, bearing the index number 23027/2010, without proper assignment of the mortgage. DE 2 at 3. Plaintiff alleges she "proved her case and requested that [the 2010 foreclosure action] get dismissed with prejudice it [sic] was granted by the court." *Id.* Plaintiff alleges that, in January 2012, she "received a Chapter 7 Bankruptcy discharge which included the subject property and Bank of America." *Id.* In 2013, Bank of America filed another foreclosure action "under the

guise of CITIMORTGAGE / CITIGROUP" against Plaintiff in state court, bearing the index number 63146/2013 (the "State Court Action"). *Id.*

In 2016, plaintiff filed this action, invoking federal question jurisdiction, by alleging a violation of the section 1692 of the Fair Debt Collection Practices Act ("FDCPA").[1] Plaintiff also alleges that Gerspach and Corbat (the "Named Defendants") "are acting as debt collectors and are in violation of 15 USC 1692f which [sic] they are using unfair practices to collect an alleged debt." *Id.* No other factual allegations are made against either defendant. Plaintiff asks for relief in the form of $1,912,500.00 in damages and for the dismissal of the State Court Action. *Id.* at 4.

On February 20, 2018, the undersigned deemed withdrawn Named Defendants' first motion to dismiss "in order to afford plaintiff the chance to present all material pertinent to the motion" because that motion included materials outside the complaint and, thus, would have to be converted to a motion for summary judgment. *See* Electronic Order dated Feb. 29, 2018. No

---

[1] Plaintiff also asserts four other grounds for jurisdiction, but each is baseless. Plaintiff cites three federal criminal statutes to invoke federal question jurisdiction, namely 18 U.S.C. §§ 914, 1001, 1341. But those statutes provide no private cause of action. *See Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("We have noted in the past that there is no private right of action under . . . section 1341) (citing *Official Publn's, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989); *see also Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) ("[W]e affirm the dismissal of [plaintiff's] claim under 18 U.S.C. § 1001 because the statute does not create a private cause of action"); *Fed. Sav. And Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138–39 (4th Cir. 1987) (finding no private cause of action under section 1001); *Momot v. Dziarcak*, 208 F. Supp. 3d 450, 460 (N.D.N.Y. 2016) (dismissing claims based on section 1001 because "the statute contains no private right of action"); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) ("No private right of action is provided under [18 U.S.C. § 1001]"). No court has found that a private cause of action exists under 18 U.S.C. § 914, which seems entirely irrelevant to this case in any event. *See* 18 U.S.C. § 914 (providing a criminal penalty for falsely holding oneself out as a lawful holder of public stocks or debts of the United States). Plaintiff also cites the Fourth Amendment of the United States Constitution, but that cannot provide a basis for jurisdiction because Plaintiff has not filed an action against a state actor, only private persons. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights . . . applies to acts of the states, not to acts of private persons or entities.").

further filings were made in connection with that motion.  Rather, defendants filed the instant second motion to dismiss.[2]  DE 24–25.

The Named Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted.[3]  *See* DE 24-7.

## DISCUSSION

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89, 127 (2007)).  While obligated to "draw the most favorable inferences" from a *pro se* complaint, this Court "cannot invent factual allegations that [plaintiff] has not pled."  *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has factual plausibility when the plaintiff pleads *factual content* that allows the court to draw the

---

[2] Plaintiff has, again, failed to file an opposition to the motion to dismiss.  Instead, Plaintiff moves for a default judgment, which should be denied.  Plaintiff argues that "[t]he time for [Named Defendants'] time to answer has expired.  DE 25 at ¶ 3.  However, the Named Defendants have timely filed a motion to dismiss.  *See* Fed. R. Civ. P. 12(a)(4) ("[S]erving a motion under this rule alters" the time to file a responsive pleading).

[3] Despite the Named Defendants arguments, claims against them are not barred by the *Colorado River* abstention doctrine.  The State Court Action and any claims against the Named Defendants are not parallel and, thus, this argument fails the first requirement of *Colorado River* abstention.  *See e.g.*, *Cortes-Goolcharran v. Rosicki, Rosicki, & Assoc., P.C.*, 17-CV-3976 (FB) (SJB), 2018 WL 3748154, at *4 (E.D.N.Y. Aug 7, 2018).  The Named Defendants are not parties in the State Court Action.  Moreover, "the validity of the mortgage is at issue in both cases, but in the context of completely different claims."  *Id.*  FDCPA claims can be brought against the Named Defendants, "premised on the invalidity of [the Mortgage]," when the State Court Action will resolve a dispute about the Mortgage.  *See id.*

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff's allegations fall well short of this standard. The sole allegation relating to the Named Defendants states that they "act[ed] as debt collectors and are in violation of 15 USC 1692f which they are using unfair practices to collect an alleged debt." DE 2 at 3. Plaintiff has not pleaded any facts to support this conclusory allegation. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Quarashi v. Ocwen Loan Serv.*, 16-CV-3093 (JMA) (AYS), 2018 WL 2078167, at *4 (E.D.N.Y. Feb. 3, 2018) (recommending dismissal of FDCPA claim based on defendants' attempts to collect on a mortgage where "it is not clear from Plaintiffs' Complaint whether or how Defendants allegedly violated the FDCPA."), *report and recommendation adopted*, 16-CV-3093 (JMA) (AYS), 2018 WL 1392346 (E.D.N.Y. Mar. 20, 2018), *aff'd* 18-1045, 2019 WL 325650 (2d Cir. Jan. 24, 2019). As the Named Defendants correctly argue:

> Plaintiff does not allege what conduct the [N]amed Defendants . . . allegedly engaged in that gives rise to her purported claims, nor does Plaintiff purport to even assert any claims against the [N]amed Defendants. Instead, Plaintiff confusingly refers to Bank of America [] and [CitiMortgage] who are not parties to this action. As such it is left to the reader to ascertain what claims Plaintiff purports to assert against Defendants in this action, what alleged conduct Defendants engaged in to support such claims, and how Defendants purportedly violated any of the statutes that Plaintiff casually references in her Complaint.

DE 24-7 at 6. Indeed, the complaint fails to even identify Gerspach and Corbat or explain, in any way, their relationship to the events complained of.

Thus, the undersigned recommends that the claims against the Named Defendants be dismissed, without prejudice.

4

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Court dismiss the claims against the Named Defendants, without prejudice.

## OBJECTIONS

A copy of this Report and Recommendation has been provided to the defendants. **Counsel for defendants is directed to serve a copy of this Report and Recommendation upon *pro se* plaintiff and file proof of service.** Any written objections must be filed with the Clerk of the Court within fourteen (14) days of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object)*; Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
      February 11, 2019

                                                /s/ Gary R. Brown
                                                GARY R. BROWN
                                                United States Magistrate Judge